NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

RICKY LAROYA, *Petitioner/Appellee*,

*v.*

MYRA DONNA LAROYA, *Respondent/Appellant*.

No. 1 CA-CV 13-0482

FILED 09-30-2014

Appeal from the Superior Court in Maricopa County
No.  FC2012-093962, FC2012-093964
(Consolidated)
The Honorable Paul J. McMurdie, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Ryan Law Office, Phoenix
By Kristin A. Ryan
*Counsel for Petitioner/Appellee*

Law Office of Raleigh Johnson, Mesa
By Raleigh W. Johnson
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

---

**P O R T L E Y**, Judge:

¶1        Myra Donna Laroya (Wife) challenges the order that she pay Ricky Laroya (Husband) a $25,000 equalization payment for two parcels of land awarded to her in the parties' dissolution decree. Because there was no evidence that the parties owned one of the parcels and no evidence regarding the value of the second parcel, we vacate the property allocation and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Wife and Husband were born and raised in the Philippines. Before they were married, they had a child in 2002, and Wife and the child stayed with the maternal grandmother while Husband was serving in the U.S. Navy. The parties got married in November 2005, and Wife and the child moved to Arizona in 2007. Another child of their union was born in Arizona in 2009, and Husband retired from the U.S. Navy in 2010. He filed for divorce in August 2012.

¶3        The dispute on appeal is over two parcels of land in the Philippines — the Cavite property and the Bulacan property. The family court heard testimony from Husband, Wife, and Wife's mother about the properties. As a result, the court awarded both parcels to Wife and ordered Wife to make an equalization payment to Husband. This appeal followed after the court denied Wife's motion for new trial.

## DISCUSSION

¶4        The only issue on appeal is the equalization payment.[1] Wife contends that there was no evidence that the parties owned the Cavite property and no evidence establishing the value of either property to support the equalization payment. We review the characterization of property de novo. *Gersten v. Gersten*, 223 Ariz. 99, 105, ¶ 17, 219 P.3d 309, 315 (App. 2009). In reviewing the apportionment of community property, we view the evidence in the light most favorable to upholding the family court's ruling, and we will uphold that ruling if the evidence reasonably supports it. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998). However, "[w]e must set aside a verdict . . . if there is not substantial evidence in the record to justify it." *Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12, 76 P.3d 892, 895 (App. 2003). "Substantial evidence is evidence which would permit a reasonable person to reach the trial court's result." *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999).

### Cavite Property

¶5        Wife contends no evidence supported the finding that the parties owned the Cavite property. We agree.

¶6        During the April 2013 hearing, Husband testified the parties agreed to purchase the Cavite property from Wife's mother in 2002 because she could no longer afford to make the payments. Husband also testified that they made all payments by 2006 and should own the property. Wife, however, testified that the parties did not intend to acquire any ownership interest and only agreed to help her mother make the $100 monthly payments when she had financial difficulties. Neither party offered any documentary evidence regarding the payments or ownership of the Cavite property.

---

[1] On appeal Husband disputes that he has any "ownership value" in either property. He cannot take a position different on appeal after having successfully asserted an ownership position at trial. *See In re Marriage of Thorn*, 235 Ariz. 216, 222, ¶ 27, 330 P.3d 973, 979 (App. 2014) (holding that judicial estoppel prevents a party from asserting an inconsistent position in a later proceeding involving the same parties and issues).

¶7 Although Husband's testimony was the only evidence suggesting that the parties purchased and owned the Cavite property, he testified, and concedes on appeal, that title was still in his former mother-in-law's name. More importantly, there was no deed, title, or written purchase agreement showing that title had passed or was to pass to Husband and Wife before the filing of the petition for dissolution. Because a promise or agreement to purchase real property is unenforceable unless it is in writing, *see* Ariz. Rev. Stat. ("A.R.S.") section 44-101(6),[2] there is no factual basis for the finding that the community had any enforceable ownership interest in the Cavite property. And, as a result, Husband was not entitled to any equalization payment for the Cavite property.[3]

**Bulacan Property**

¶8 Husband testified that the parties acquired the Bulacan property in 2002 and made monthly payments of $407. Wife, however, testified they bought the property in 2006 and made monthly payments of $250. Both parties agreed, however, they stopped making monthly payments when Husband retired in October 2010.

¶9 Although there was a deed of conditional sale listing the 2006 purchase price in the Philippine currency[4] and spreadsheet showing the payments on the Bulacan property, neither party presented evidence of the value of the Bulacan property at the time of dissolution. Husband's resolution statement listed two values for two properties.[5] He testified, however, that he spent some $39,600 on the Bulacan property, but questioned whether the property exists; whether due to acts of nature or the 2010 default.

---

[2] We cite to the current version of the statute unless otherwise noted.

[3] On appeal Wife makes a new and alternative argument. She posits that a portion of the Cavite payments were made with money Husband gave her before the marriage, which was her separate property. As a result, she contends, the Cavite property is her separate property and the community is entitled, at most, to a return of the payments made after the 2005 marriage. Wife, however, did not raise the issue in the family court. As a result, she cannot raise a new argument for the first time on appeal. *Winters v. Ariz. Bd. of Ed.*, 207 Ariz. 173, 177, ¶ 13, 83 P.3d 1114, 1118 (App. 2004).

[4] Exhibit 12 shows the 2006 purchase price was 11,266,800 pesos.

[5] Husband's proposed resolution statement just listed the two properties as "Property in Philippines 1" and "Property in Philippines 2."

¶10 Section 25-318(A) requires the family court to divide community property equitably. *Kelly v. Kelly*, 198 Ariz. 307, 309, ¶ 7, 9 P.3d 1046, 1048 (2000). But, there has to be substantial evidence that the community acquired the property, and owned the property at the time of dissolution, and evidence of the value of the property. Here, although there is a conditional deed of sale, the evidence about the ownership at the time of the hearing is tenuous, and there was no evidence of the value of the Bulacan property other than the value of the payments. We, as a result, cannot determine the value of the Bulacan property, the basis for the equalization payment, or that it was fair and equitable. Consequently, we vacate the equalization award. *See Kelsey v. Kelsey*, 186 Ariz. 49, 53, 918 P.2d 1067, 1071 (App. 1996).

## ATTORNEYS' FEES ON APPEAL

¶11 Both parties seek attorneys' fees on appeal pursuant to A.R.S. § 25-324. The most recent financial information in the record on appeal does not indicate a significant disparity in the parties' financial resources and neither party took unreasonable positions on appeal. Accordingly, in the exercise of our discretion, we deny their requests for attorney's fees on appeal. However, because Wife prevailed on appeal, she can recover her costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶12 We vacate the finding that the parties own the Cavite property and the equalization award to Husband, and remand for a determination about whether the parties owned the Bulacan property under Philippine law at the time of dissolution, its value at the time of dissolution, and, if warranted, an equalization award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh